BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

DEC 18 1972

IN RE GLENN W. TURNER      )      DOCKET NO. 109
ENTERPRISES LITIGATION     )

O R D E R

The Panel having found, upon the basis of the papers
submitted and the hearing held, that the actions listed on the
attached Schedule A involve common questions of fact and that
their transfer to the Western District of Pennsylvania would
serve the convenience of the parties and witnesses and would
further the just and efficient conduct of the litigation,

IT IS ORDERED that all actions on the attached Schedule
A pending in districts other than the Western District of
Pennsylvania be, and the same hereby are, transferred to the
Western District of Pennsylvania and, with the consent of that
court, assigned to the Honorable Gerald J. Weber for coordinated
or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407,
with the action pending in that district and listed on Schedule A.

IT IS FURTHER ORDERED that transfer of the action,
Securities and Exchange Commission v. Glenn W. Turner Enterprises,
Inc., et al, District of Oregon, Civil Action No. 72-390, be,
and the same hereby is, DENIED.

A full opinion and order will be filed hereafter.

FOR THE PANEL:

Alfred P. Murrah
Chairman

SCHEDULE A                                        DOCKET NO. 109

## DISTRICT OF OREGON

Daniel Ewald Kehr, et al., v. Dare to be          Civil Action
Great, Inc., et al.                               No. 71-807

Rozelia Johnson v. Dare to be Great, Inc.,        Civil Action
et al.                                            No. 72-194

Gary Lee King v. Dare to be Great, Inc.,          Civil Action
et al.                                            No. 72-195

David N. Garlington v. Dare to be Great,          Civil Action
Inc., et al.                                      No. 72-342

Pat G. Trotti, etc. v. Koscot                     Civil Action
Interplanetary, Inc.                              No.  71-673

## EASTERN DISTRICT OF PENNSYLVANIA

William K. Robins, III, et al. v.                 Civil Action
Glenn W. Turner, et al.                           No. 71-1941

## WESTERN DISTRICT OF PENNSYLVANIA

Richard T. Bussey, et al. v. Dare                 Civil Action
to be Great                                       No. 72-211

## NORTHERN DISTRICT OF TEXAS

Joseph P. Cawthon, III, v. Dare                   Civil Action No.
to be Great                                       3-5673-D

Donald L. Woodfin v. Dare to be Great             Civil Action No.
                                                  3-5958-D

## DISTRICT OF ARIZONA

Nancy L. Evans, etc. v. Koscot                    Civil Action No.
Interplanetary, Inc., et al.                      72-214-Phx

## DISTRICT OF CONNECTICUT

Fred Threlfall, et al. v. Glenn W. Turner         Civil Action
Enterprises, Inc., et al.                         No. 14774

SCHEDULE A                                            DOCKET NO. 109

### EASTERN DISTRICT OF NEW YORK

Ralph J. Grosso, et al. v. Koscot            Civil Action
Interplanetary, Inc., et al.                 No. 72-C-433

### NORTHERN DISTRICT OF ALABAMA

John W. Tolbert, Jr., et al. v.              Civil Action
Koscot Interplanetary, Inc., et al           No. 71-1199

John E. Storey v. Dare to be Great           Civil Action
                                             No. 72-514

### SOUTHERN DISTRICT OF INDIANA

Charles H. Tucker, II, etc. v.               Civil Action No.
Glenn W. Turner Enterprises, Inc., et al.    IP 72-C-91

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE GLENN W. TURNER          )
ENTERPRISES LITIGATION         )          DOCKET NO. 109

OPINION AND ORDER

───────────────

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON*, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL*, JUDGES OF
THE PANEL

───────────────

PER CURIAM

        The activities of Dare to be Great, Inc., and

Koscot Interplanetary, Inc., two subsidiaries of Glenn

W. Turner Enterprises, Inc., are the subject of seventeen

actions in ten districts seeking recovery for alleged fraud

and deceit and violations of the state and federal securities

laws.  On its own initiative the Panel ordered the parties

to these actions to show cause why they should not be

transferred to a single district, pursuant to 28 U.S.C.

§1407, for coordinated or consolidated pretrial proceedings.

On the basis of the responses to the order and the argument

at the hearing on this matter, we have concluded that all

actions, except the action brought by the Securities and

───────────────

*     Judge Edward Weinfeld took no part in the hearing or
      decision of this matter.  Judges Robson and Weigel
      were unable to attend the hearing but have, with the
      consent of all parties, participated in this decision.

- 2 -

Exchange Commission, should be transferred to the Western
District of Pennsylvania for coordinated or consolidated
pretrial proceedings.

Six of the actions brought by private individuals
attack the method by which Koscot engaged in the distribution
of mink-oil based cosmetics.  The cosmetics were apparently
sold through a complex pyramid of distributorships and sub-
distributorships and it is alleged, among other claims, that
the cosmetics and the method of distribution were investment
contracts or securities which were sold by misrepresenta-
tions and omissions in violation of the federal securities
acts.  Most of these actions also assert conflicting claims
to class representation of purchasers of the cosmetic products
and distributorship rights.

Six other actions by private investors make
similar claims against Dare to be Great, which was organized
after Koscot.  Dare to be Great was, until recently, engaged
in the sale of motivation, sales and self-improvement courses
by means of a pyramidal promotion system.  Members of the
public were invited to meetings at which they were induced
to purchase the courses and to sell or to induce others to
sell the courses.  These courses and the method of selling
them are also alleged to be securities or investment contracts
sold in violation of federal securities laws and the plaintiffs
in these cases also assert overlapping and conflicting class
representation claims.  The remaining private investor actions
are brought against both Koscot and Dare to be Great and

- 3 -

contain allegations concerning both businesses.

It is clear that coordinated or consolidated
pretrial proceedings are required for the cases brought
against Koscot and also for the cases brought against
Dare to be Great. The question raised by the parties is
whether the claims against both defendants should be trans-
ferred to a single forum.  Many of the plaintiffs argue
that each of the two corporations operated independently,
selling different products by different promotional methods
and contracts and that the two categories of claims should
be separated to assure that the individual facts with regard
to each business are fully and expeditiously developed.  But
the two categories of actions are not unrelated.

The Koscot and Dare to be Great businesses were
allegedly conceived and promoted by the same individuals
and the two corporations allegedly have interlocking owner-
ship and directors.  It should be noted in this connection
that both Glenn W. Turner Enterprises, Inc., the parent
corporation, and Glenn W. Turner, individually, are named
defendants in all these actions.  Because of the common
factors we think it best serves the convenience of the
parties and witnesses and the just and efficient conduct
of these actions to place all of them in the same district,
leaving to the discretion of the transferee judge the nature
and extent of the coordination or consolidation between
the two groups of cases.  In re Plumbing Fixtures Antitrust
Litigation, 295 F. Supp. 33, 34 (J.P.M.L. 1968).

- 4 -

And of the districts proposed as transferee district, the Western District of Pennsylvania is best suited to receive these cases.  The action pending there is in a relatively advanced stage and the counsel, parties and witnesses in this nation-wide litigation will experience the least inconvenience in travelling there.

The only remaining question is whether the SEC action, filed in the District of Oregon, should be transferred for pretrial proceedings with the other actions. The SEC action seeks injunctive relief against Glenn W. Turner Enterprises, Dare to be Great and the individual officers and directors of those companies for alleged violations of the federal securities laws in connection with the sales programs of Dare to be Great.  No claim is made concerning the Koscot business.  The SEC resists transfer and we believe that on the individual facts of this litigation transfer should not be ordered.

An extensive hearing on the SEC's request for preliminary injunctive relief has already been held and Glenn W. Turner Enterprises, Dare to be Great and the officers and directors and all persons in active concert with them have been restrained and enjoined from selling, or offering to sell, in interstate commerce, certain of the self-motivation courses which are the subject of the private complaints unless the applicable provisions of the federal securities laws are complied with.  At the same time the motions of defendants for dismissal and summary

- 5 -

judgment were denied.  Securities & Exchange Commission v.
Glenn W. Turner Enterprises, Inc., 348 F. Supp 766
(D. Ore. 1972 (Skopil, J.).  This action is obviously
far advanced and it would not serve the convenience of
the parties and witnesses nor the just and efficient conduct
of any of these actions to transfer it now.  Furthermore,
the evidence received in the extensive adversary hearing
on the crucial issues in the SEC action before Judge Skopil
has become part of the record of the trial on the merits.
Rule 65(a)(2), Fed. R. Civ. P.  Because of this, in essence
the trial on the merits has begun in the District of Oregon,
and a transfer now would interrupt a trial essentially
in progress.

IT IS THEREFORE ORDERED that all actions on the
attached Schedule A be, and the same hereby are, transferred
to the Western District of Pennsylvania and assigned to
the Honorable Gerald J. Weber for coordinated and consolidated
pretrial proceedings, pursuant to 28 U.S.C. §1407, with the
action pending in that district and listed on Schedule A.

IT IS FURTHER ORDERED that transfer of the action,
Securities and Exchange Commission v. Glenn W. Turner
Enterprises, Inc., et al., Civil Action No. 72-390,
District of Oregon, be, and the same hereby is, DENIED.

SCHEDULE A                                    DOCKET NO. 109

### DISTRICT OF OREGON

Daniel Ewald Kehr, et al. v. Dare          Civil Action
to be Great, Inc., et al.                   No. 71-807

Rozelia Johnson v. Dare to be Great,       Civil Action
et al.                                      No. 72-194

Gary Lee King v. Dare to be Great,         Civil Action
Inc., et al.                                No. 72-195

David N. Garlington v. Dare to be          Civil Action
Great, Inc., et al.                         No. 72-342

Pat G. Trotti, etc. v. Koscot              Civil Action
Interplanetary, Inc.                        No. 71-673

### EASTERN DISTRICT OF PENNSYLVANIA

William K. Robins, III, et al. v.          Civil Action
Glenn W. Turner, et al.                     No. 71-1941

### WESTERN DISTRICT OF PENNSYLVANIA

Richard T. Bussey, et al. v. Dare          Civil Action
to be Great                                 No. 72-211

### NORTHERN DISTRICT OF TEXAS

Joseph P. Cawthon, III, v. Dare            Civil Action
to be Great                                 No. 3-5673-D

Donald L. Woodfin v. Dare to be Great      Civil Action
                                            No. 3-5958-D

### DISTRICT OF ARIZONA

Nancy L. Evans, etc. v. Koscot             Civil Action
Interplanetary, Inc., et al.                No. 72-214-Phx

### DISTRICT OF CONNECTICUT

Fred Threlfall, et al. v. Glenn            Civil Action
W. Turner Enterprises, Inc., et al.         No. 14774

SCHEDULE A                  - 2 -              DOCKET NO. 109

### EASTERN DISTRICT OF NEW YORK

Ralph J. Grosso, et al. v. Koscot            Civil Action
Interplanetary, Inc., et al.                 No. 72-C-433

### NORTHERN DISTRICT OF ALABAMA

John W. Tolbert, Jr. et al. v.               Civil Action
Koscot Interplanetary, Inc., et al.          No. 71 1199

John E. Storey v. Dare to be Great           Civil Action
                                             No. 72-514

### SOUTHERN DISTRICT OF INDIANA

Charles H. Tucker, II, etc. v.               Civil Action
Glenn W. Turner Enterprises, Inc.,           No. IP 72-C-91
et al.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP 11 1979

DOCKET NO. 109
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE GLENN W. TURNER ENTERPRISES  )
LITIGATION                          )
                                    )
Koscot Interplanetary, Inc. v.      )
Theodore I. Koskoff, et al.,        )
S.D. Florida, C.A. No. 79-1709-Civ  )

OPINION AND ORDER
_____

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND EDWIN A. ROBSON,
STANLEY A. WEIGEL, ANDREW A. CAFFREY, ROY W. HARPER, AND
CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

The Panel previously centralized several actions in
the above-captioned litigation in the Western District of
Pennsylvania before the Honorable Gerald J. Weber for
coordinated or consolidated pretrial proceedings pursuant
to 28 U.S.C. §1407.[1]/   The centralized actions involve
allegations that Dare to be Great, Inc. and Koscot
Interplanetary, Inc. **(Koscot), two subsidiaries** of Glenn W.
Turner Enterprises, Inc., violated the federal securities
laws by engaging in pyramidal marketing schemes. Many of
the actions in the transferee district were brought as class
actions by persons who allegedly were victims of these schemes.

_____

1/   In re Glenn W. Turner Enterprises Litigation, 355 F.
Supp. 1402 (J.P.M.L. 1973), 383 F. Supp. 844 (J.P.M.L. 1974).

-2-

The action now before us (<u>Koskoff</u>) was filed by Koscot in April, 1979, in Florida state court and was subsequently removed to the federal court in the Southern District of Florida.  Defendants are an attorney (Koskoff), his partners, and his law firm, who previously represented some of the defendants in the actions in the transferee district.  Koscot alleges that it delivered to Koskoff the total sum of $300,000 to be retained by Koskoff and his co-defendants in an escrow account pending the outcome of a proposed settlement in the actions in the transferee district.  According to Koscot, if the court did not approve that proposed settlement, then the money was to be returned to Koscot.  Koscot further alleges that the settlement was not approved, that Koskoff kept $75,000 of the $300,000, and that he improperly diverted the balance, which after accumulating interest totaled $244,531.84.  Koscot claims that Koskoff's conduct was a breach of fiduciary duty, constituted conversion, breached the escrow agreement, and violated the public policy of the State of Florida.  Koscot seeks compensatory damages in the amount of $300,000 and punitive damages in an amount to be determined by the trier of fact.

Koskoff responds that he exercised an attorney's lien under Connecticut law for legal fees owed him.  He further states that he believed that the remainder of the $300,000 belonged to Glenn W. Turner Enterprises, Inc.  Because others, including Koscot and class representatives in the transferee district,  claimed entitlement to that money, Koskoff, pursuant to an order entered by Judge Weber on March 22, 1974, deposited

-3-

the remaining $244,531.84 with the Clerk of Court for the
Western District of Pennsylvania.

Koscot made a limited appearance in the Western District
of Pennsylvania to claim recovery of the money deposited
with the Clerk of Court by Koskoff.  A hearing was held con-
cerning the proper disposition of this money on December
29, 1974, before Judge Weber.  No ruling has yet resulted
from that hearing and the money continues to be in the custody
of the Clerk of Court.

Defendants in <u>Koskoff</u> move the Panel, pursuant to 28
U.S.C. §1407, to transfer <u>Koskoff</u> to the Western District
of Pennsylvania for coordinated or consolidated pretrial
proceedings with the actions previously transferred there.
Class representatives in a class action pending in the
transferee district support transfer of <u>Koskoff</u>.  Koscot
opposes transfer.

We find that <u>Koskoff</u> shares questions of fact with
the actions previously transferred to the Western District
of Pennsylvania and that transfer of <u>Koskoff</u> to that district
will best serve the convenience of the parties and witnesses
and promote the just and efficient conduct of this litigation.

In opposing transfer, Koscot argues that <u>Koskoff</u> involves
alleged malfeasance of attorneys, whereas the actions in
the Western District of Pennsylvania involve alleged violations
of federal and state securities laws.  Koscot thus urges
that no questions of fact are shared by <u>Koskoff</u> and the actions
in the transferee district.  Furthermore, Koscot contends
that no activity of any kind has transpired in the previously

-4-

1   transferred actions for over three years. Koscot argues that

2   the litigation in the transferee district is no longer viable

3   for lack of any proceedings there, and for the additional

4   reason that the claims in the transferee district against

5   Koscot were probably discharged when Koscot invoked the federal

6   bankruptcy laws in July, 1973.

7        We are not persuaded by these arguments.  The presence

    of differing legal theories in Koskoff and the actions in

8   the transferee district does not negate the existence of

9   common questions of fact concerning who is entitled to the

10  money originally transmitted to Koskoff.  See In re Air Crash

11  Disaster in the Ionian Sea on September 8, 1974, 438 F. Supp.

12  932, 934 (J.P.M.L. 1977).  Indeed, most of that money is

    now under the custody of the transferee district, the transferee

13  court already has held at least one hearing[2] on a petition

14  by Koscot to recover that money, and movants represent that

15  all possible claimants to the money are already before the

16  transferee court.  Transfer under Section 1407 is thus necessary

17  in order to avoid duplicative discovery, prevent inconsistent

18  pretrial rulings, conserve judicial resources, and ensure

19  the cooperation of all parties and counsel.  We note that

20  the transferee judge has the authority to invoke procedures

    whereby discovery already completed in the transferee district

21  and relevant to Koskoff may be made applicable to Koskoff.

22  See Manual for Complex Litigation, Parts I and II, §§3.11

23

24  2/  Plaintiffs in the transferee district represented at
    oral argument before us that the transferee court has held
    two other hearings on **issues common to those raised in Koskoff.**

25

-5-

(rev. ed. 1977).  And, of course, discovery on any issues unique to Koskoff may be scheduled by the transferee judge to proceed concurrently with the undertaking of any common pretrial matters.  See In re Republic National-Realty Equities Securities Litigation, 312 F. Supp. 1403, 1405-06 (J.P.M.L. 1974).

Finally, we note that 46 actions remain pending in the transferee district and that pretrial proceedings are continuing there.  The effect that federal bankruptcy pro-ceedings may have had on the conduct of claims raised against Koscot in the transferee district presumably would be either irrelevant to Koskoff or would otherwise similarly affect Koskoff regardless of the district in which Koskoff was pending.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled Koscot Interplanetary, Inc. v. Theodore I. Koskoff, S.D. Florida, Civil Action No. 79-1709-Civ., be, and the same hereby is, transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Gerald J. Weber for coordinated or consolidated pretrial proceedings with the actions in this litigation which are already pending in that district.

DOCKET NO. 109

FILED

MAR 12 1982

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PATRICIA D. ......
CLERK OF ......

3/12/82

⅃ RE GLENN W. TURNER ENTERPRISES LITIGATION

REMAND ORDER*

The fifteen actions listed on the attached Schedule
were previously transferred by the Panel to the Western
.strict of Pennsylvania, pursuant to 28 U.S.C. §1407, and
signed to the Honorable Gerald J. Weber for inclusion
ı coordinated or consolidated pretrial proceedings in this
)cket.  In re Glenn W. Turner Enterprises Litigation, 355
 Supp. 1402 (J.P.M.L. 1973); 368 F. Supp. 805 (J.P.M.L.
)73); 383 F. Supp. 844 (J.P.M.L. 1974); 476 F. Supp. 459
.P.M.L. 1979).  Upon the suggestion of the transferee
urt, the Panel entered orders conditionally remanding
ese fifteen actions to their respective transferor districts.
ıuis Romito and Robert Fierle, defendants and cross-plaintiffs
ı an action originally commenced in the transferee district,
pose remand.

On the basis of the papers filed[1]/ and the transferee
dge's recommendation, the Panel finds that remand of these
tions is appropriate at this time.  In considering the
estion of remand, the Panel has consistently given great
ight to the transferee judge's determination that remand
 a particular action at a particular time is appropriate
cause the transferee judge, after all, supervises the
y-to-day pretrial proceedings.  See, e.g., In re IBM
ripheral EDP Devices Antitrust Litigation, 407 F. Supp.
4, 256 (J.P.M.L. 1976).  The transferee judge's notice
 suggestion of remand to the Panel is obviously an indication
at he perceives his role under Section 1407 to have ended.
 re Air Crash Disaster Near Dayton, Ohio, on March 9,
67, 386 F. Supp. 908, 909 (J.P.M.L. 1975).  Here Judge
ber has concluded that further coordinated or consolidated

_____
 Judges Roy W. Harper and Sam C. Pointer, Jr. took no
rt in the decision of this matter.

 The parties waived oral argument and accordingly the
estion of remand of these actions under 28 U.S.C. §1407
 submitted on the briefs.  Rule 14, R.P.J.P.M.L., 89
R.D. 273, 283-84 (1981).

-2-

pretrial proceedings in these actions would be unavailing.
We adopt his recommendation and order remand.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.
§1407(a), the actions listed on the attached Schedule A
be, and the same hereby are, remanded to the districts from
which they were transferred.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

Schedule A


## MDL-109 -- In re Glenn W. Turner Enterprises Litigation


### Western District of Pennsylvania

James E. Randall, et al. v. Dare to be Great, Inc., et al.,
  C.A. No. 73-629,(N.D. Ala., C.A. No. CA72-750)
Nancy L. Evans, etc. v. Koscot Interplanetary, Inc.,
  et al., C.A. No. 72-1094 (D. Ariz., C.A. No.
  Civ-72-214-Phx.)
Fred Threlfall, et al. v. Glenn W. Turner Enterprises
  Inc., et al., C.A. No. 72-1095 (D. Conn., C.A. No.
  14774)
Mr. Arthur Reed Cafiero, et al. v. Glenn W. Turner
  Enterprises, Inc., et al., C.A. No. 73-0637 (E.D. La.,
  C.A. No. 72-2556 Sec. B)
James I Danielson, et al. v. Turner Enterprises, et al.,
  C.A. No. 75-1129 (W.D. Mich., C.A. No. G233-72CA)
Robert Brooks v. Glenn W. Turner, et al.,
  C.A. 73-772, (N.D. Okla., C.A. No. 73C195)
Jackie C. Mills v. Glenn W. Turner, et al.,
  C.A. No. 73-854 (W.D. Okla., 73-32-B)
Roselia Johnson v. Dare to be Great, et al., C.A. No.
  72-1087 (D. Oreg., 72-194)
Gary Lee King v. Dare to be Great, Inc., et al., C.A.
  No. 72-1088 (D. Oreg., 72-195)
David N. Garlington v. Dare to be Great, et al.,
  C.A. No. 72-1089 (D. Oreg., 72-342)
Pat G. Trotti, etc. v. Koscot Interplanetary, Inc.,
  C.A. No. 72-1090 (D. Oreg., C.A. No. 71-673)
Gary L. King, et al. v. Dare to be Great, et al.,
  C.A. No. 73-618 (D. Oreg., 72-840)
Gladys T. Burnelle v. Dare to be Great, et al.,
  C.A. No. 73-619 (D. Oreg., C.A. No. 72-420)
Gregory Smith v. Central Penn National Bank,
  C.A. No. 73-640 (E.D. Pa., 72-2506)
George James Bennett, Sr., et al. v. Glenn W. Turner,
  et al., 73-643 (W.D. Tex., SA72CA310)